**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **KEVIN N. BROWN,** | ) | |
| | ) | **CASE NO.  4:18-cv-00789** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE BENITA Y. PEARSON** |
| | ) | |
| **JAMES C. EVANS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT DEENA CALABRESE'S MOTION TO DISMISS**

Defendant Deena Calabrese (misspelled as Dena Calabrese in the Complaint), by and through counsel, respectfully moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Defendant Deena Calabrese as a Party Defendant.  The Complaint was not filed within the applicable statute of limitations, fails to state a claim upon which relief can be granted, is barred by the *Rooker-Feldman* doctrine and Defendant Calabrese is entitled to absolute prosecutorial immunity.  A Memorandum in Support is attached.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting
Attorney of Cuyahoga County, Ohio

By:  /s/  Kelli Kay Perk_____
KELLI KAY PERK  (0068411)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio  44113
Tel:  (216) 443-7851/ Fax: (216) 443-7602
Email:  kperk@prosecutor.cuyahogacounty.us
*Attorney for Defendant Deena Calabrese*

## <u>MEMORANDUM IN SUPPORT</u>

Defendant Deena Calabrese submits the following Memorandum in Support of her Motion to Dismiss Plaintiff's Complaint against her.

## I.     STATEMENT OF THE CASE AND FACTS

Plaintiff Kevin N. Brown filed his Complaint against Defendants James C. Evans, Dena R. Calabrese and Paul C. Conn on April 9, 2018.  Dena Calabrese's first name is actually spelled "Deena."   Defendant Calabrese waived service of the summons.   In his Complaint, Plaintiff alleges violations of Title 42 U.S.C.  §1985(2) and (3).  Plaintiff alleges that on July 12, 2001, Defendants Evans and Conn conspired together to deny Plaintiff of certain remedies and that Defendant Calabrese fraudulently represented the State of Ohio in a criminal action. Plaintiff states that he is serving four consecutive life sentences and he has been adjudicated to be a sexual predator.  Plaintiff further alleges that the Defendants conspired together to imprison him for life for crimes not committed or charged by law which he claims is a violation of the U.S. Constitution and federal and state law.

## II.     LAW AND ARGUMENT

### A.     The Complaint was filed well outside any possible applicable Statute of Limitations

For purposes of this motion only, Defendant must accept Plaintiff's assertions as true. Plaintiff alleges that he was indicted in 2001.  Plaintiff does not provide any additional dates in his Complaint, but a review of the Mahoning County Common Pleas Court docket for the case *State v. Kevin N. Brown*, case no. 2001 CR 00705, shows that Plaintiff was convicted and adjudicated a sexual predator in 2003.  It is now 2018.  Even being generous, using a four year statute of limitations, Plaintiff's Complaint is over a decade late.

We held that because there was no federal statute of limitations for a 42 U.S.C. §
1985 action, the Court must apply the statute of limitations which the state court
would utilize in an analogous state action. *Carmicle v. Weddle*, 555 F.2d 554 (6th
Cir. 1977); *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir.1973). In *Crawford
v. Zeitler*, 326 F.2d 119 (6th Cir.1964), the Sixth Circuit held that the four-year
statute of limitations, § 2305.09, O.R.C., was applicable to injuries "not arising on
contract." We held that such statute was applicable to plaintiff's 42 U.S.C. § 1985
claim.

*Hadsell v. Ford Motor Co.*, 566 F.Supp. 1254, 1255 (S.D.Ohio 1983) and Ohio Revised Code

Section 2305.09.

It is actually more likely that only a one or two year statute of limitations would apply

under Ohio law. See Ohio Revised Code sections 2305.10 and 2305.11. Moreover, Plaintiff has

not alleged any facts that would serve to toll a statute of limitations.

### B. Plaintiff fails to meet the *Iqbal/Twombly* Pleading Requirements.

Plaintiff's Amended Complaint does not set forth any specific factual allegations against

Defendant Calabrese. At no time does the Complaint allege what Defendant Calabrese did that

ostensibly gives rise to liability. The statute that Plaintiff cites is 42 U.S.C. §1985(2) and (3),

which is entitled Conspiracy to Interfere with Civil Rights. The statute states in part:

> **(2) Obstructing justice; intimidating party, witness, or juror**
> If two or more persons in any State or Territory conspire to deter, by force,
> intimidation, or threat, any party or witness in any court of the United States from
> attending such court, or from testifying to any matter pending therein, freely,
> fully, and truthfully, or to injure such party or witness in his person or property on
> account of his having so attended or testified, or to influence the verdict,
> presentment, or indictment of any grand or petit juror in any such court, or to
> injure such juror in his person or property on account of any verdict, presentment,
> or indictment lawfully assented to by him, or of his being or having been such
> juror; or if two or more persons conspire for the purpose of impeding, hindering,
> obstructing, or defeating, in any manner, the due course of justice in any State or
> Territory, with intent to deny to any citizen the equal protection of the laws, or to
> injure him or his property for lawfully enforcing, or attempting to enforce, the
> right of any person, or class of persons, to the equal protection of the laws;

3

**(3) Depriving persons of rights or privileges**
If two or more persons in any State or Territory conspire or go in disguise on the
highway or on the premises of another, for the purpose of depriving, either
directly or indirectly, any person or class of persons of the equal protection of the
laws, or of equal privileges and immunities under the laws; or for the purpose of
preventing or hindering the constituted authorities of any State or Territory from
giving or securing to all persons within such State or Territory the equal
protection of the laws; or if two or more persons conspire to prevent by force,
intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his
support or advocacy in a legal manner, toward or in favor of the election of any
lawfully qualified person as an elector for President or Vice President, or as a
Member of Congress of the United States; or to injure any citizen in person or
property on account of such support or advocacy; in any case of conspiracy set
forth in this section, if one or more persons engaged therein do, or cause to be
done, any act in furtherance of the object of such conspiracy, whereby another is
injured in his person or property, or deprived of having and exercising any right
or privilege of a citizen of the United States, the party so injured or deprived may
have an action for the recovery of damages occasioned by such injury or
deprivation, against any one or more of the conspirators.

Plaintiff does not allege any facts to support that Defendant Calabrese did anything set
forth in the above statute.   To survive a motion to dismiss, "a complaint must contain sufficient
factual matter… to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S.
662 at 678 (2009).  A claim is facially plausible if the "plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Id.* quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 556 (2007).   Most
importantly, as in this case, "[t]hreadbare recitals of the elements of a cause of action, supported
by mere conclusory statements, do not suffice." *Id.* citing *Twombly*, 550 U.S. at 555.

A reviewing court is "not bound to accept as true a legal conclusion couched as a factual
allegation." *Id.*   In reviewing the sufficiency of a complaint, the Court should consider only the
well-pleaded factual allegations and then determine whether they "plausibly give rise to an
entitlement of relief." *Id.,* at 679; *see also Center for Bio- Ethical Reform, Inc., v. Napolitano,*

4

648 F.3d 365, 372-74 (6th Cir. 2011) (disregarding "conclusory and bare allegations" as not entitled to presumption of truth or any weight in determining plausibility).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.,* at 678. To survive a motion to dismiss, the "well- pleaded factual allegations" must demonstrate "more than the mere possibility of misconduct;" they must "plausibly give rise to an entitlement to relief." *Id.*

Plaintiff's Complaint fails to show a plausible entitlement to relief against Defendant Calabrese. The Complaint is devoid of any factual content concerning Defendant Calabrese that would demonstrate any plausible right of recovery against Defendant Calabrese

The Complaint does not offer any operative facts to support the legal conclusion that Defendant Calabrese is liable under 42. U.S.C § 1985 or any other provision of state or federal law. Plaintiff merely states the threadbare conclusions that Defendant Calabrese fraudulently represented the State of Ohio in a criminal action and that the defendants conspired together to imprison him for life for crimes not committed or charged by law Plaintiff does not meet the *Iqbal/Twombly* pleading requirements and Defendant Calabrese be dismissed as a Party Defendant.

## C. The Complaint is barred by the *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." See *Rooker v. Fidelity Trust* Co., 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This Court has further explained in determining whether *Rooker-Feldman* bars a claim, courts must look to the "source of the injury that the plaintiff alleges in the federal

complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim." Id.; Accord, *Evans v. Cordray*, 424 Fed. Appx. 537 (6th Cir., 2009). Here, Plaintiff's dispute falls squarely in this prohibition. Plaintiff is attacking his state court conviction by alleging that the conviction was for "crimes not committed and charged by law." This is exactly what the *Rooker-Feldman* doctrine prohibits.

### D.    Defendant is Entitled to Absolute Prosecutorial Immunity

Plaintiff's Complaint alleges that Defendant Calabrese's actions took place as she represented the State of Ohio and that she "knowingly aided" in his receiving consecutive life sentences and in his adjudication as a sexual predator. In other words, her actions were in her role as a prosecutor. When determining whether to accord a prosecutor absolute immunity, courts employ a functional analysis that "looks to the nature of the function performed, not to the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), quoting *Forrester v. White*, 484 U.S., 219, 229 (1988).

Applying this functional approach, a prosecutor has absolute immunity from a suit alleging civil rights violations if the prosecutor was functioning as advocate for the State and engaged in activities that are intimately associated with the judicial phase of the criminal process. See *Imbler v. Pachtman*, 424 U.S. 409 (1976). Using this standard, it is clear that Defendant Calabrese is entitled to absolute prosecutorial immunity.

## III. CONCLUSION

For the reasons stated above, Defendant Deena Calabrese respectfully requests that the Court grant her Motion to Dismiss and dismiss Defendant Deena Calabrese as a party in this case with prejudice.

This Motion does not waive any defects in service that may be raised as a defense.

<div style="margin-left:40%;">

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County, Ohio

By:        /s/ Kelli Kay Perk
KELLI KAY PERK (0068411)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Tel: (216) 443-7851/Fax: (216) 443-7602
Email: kperk@prosecutor.cuyahogacounty.us
*Attorney for Defendant Deena Calabrese*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, I served a copy of this Motion on the following by ordinary U.S. Mail.

Kevin N. Brown #A443-261
940 Marion-Williamsport d.
P.O. Box 57
Marion, Ohio 43301-0057

<div style="margin-left:40%;">

/s/ Kelli Kay Perk
Assistant Prosecuting Attorney

</div>