IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN N. BROWN | ) | CASE NO. 4:18-cv-789 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | **MOTION TO DISMISS OF** |
| | ) | **DEFENDANT PAUL C. CONN** |
| JAMES C. EVANS, et al | ) | |
| | ) | **CERTIFICATION OF** |
| Defendants. | ) | **COMPLIANCE WITH UNITED** |
| | ) | **STATES DISCTRICT COURT,** |
| | ) | **NORTHERN DISTRICT OF OHIO,** |
| | ) | **RULE 7.1** |

Defendant Paul C. Conn moves this Honorable Court to dismiss pro se plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Brown has failed to state a claim upon which relief can be granted. Pro se plaintiff fails to allege any racial--or otherwise class-based invidiously discriminatory animus--informing defendant Conn's actions. State prisoners are not a protected class for the purposes of §1985(3). Plaintiff Brown's pro se Complaint must therefore be dismissed. A memorandum in support is attached hereto and incorporated herein by reference.

Respectfully submitted,

*/s/ Robert S. Yallech*

Robert S. Yallech (0075494)
REMINGER CO., L.P.A.
11 Federal Plaza Central, Suite 1200
Youngstown, Ohio 44503
(330) 744-1311 / (330) 744-7500 (fax)
Email: ryallech@reminger.com

*Attorney for Defendant Paul C. Conn*

## **MEMORANDUM IN SUPPORT**

### I.    Introduction.

Plaintiff Brown filed his pro se Complaint in this Court on April 9, 2018. Pro se plaintiff names as defendants: the now-deceased former Judge James C. Evans; current Cuyahoga County Court of Common Pleas Judge and former Mahoning County prosecutor Dena [sic] Calabrese; and, attorney Paul C. Conn. Defendant attorney Paul Conn agreed to waive service of the complaint on May 16, 2018. On June 11, 2018, pro se plaintiff filed attorney Conn's waiver of service in this Court.

### II.    Plaintiff's complaint.

In his complaint, pro se plaintiff Kevin Brown provides his inmate number, #A443-261. (Page one (1) of plaintiff's complaint). He also avers that he was sentenced under the State laws of Ohio to four (4) consecutive life terms and adjudicated as a sexual predator. (See Complaint, page three (3), generally). Pro se plaintiff claims subject matter jurisdiction in this Court pursuant to 42 USC §1985(b)[sic] (Page two (2) of plaintiff's complaint).

Pro se plaintiff's complaint alleges trial attorney Conn, as his court-appointed counsel in the underlying criminal matter, and Judge Evans, as the presiding judge engaged in a conspiracy: "Defendants Evans and Conn on July 17, 2001 conspired together to deny plaintiff all lawful remedies which

both stated and federal law allow." (Complaint at page 3). Pro se plaintiff further alleges that "attorney Conn failed to object to a trial not lawfully initiated." (*Id*). Plaintiff claims that the three defendants "…conspired together to imprison plaintiff for life for crimes not committed or charged by law in violation of 42 USC 1985(b)[sic], US Constitution Four, Fourteenth, and every federal and state right, duty, or obligation." (*Id*). For the reasons that follow, this Court lacks subject matter jurisdiction over plaintiff's complaint, and attorney Conn is entitled to dismissal of pro se plaintiff's complaint for failure to state a claim upon which relief can be granted.

### III. Law and argument.

#### a. 12(b)(6) Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City*

*of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

### b. Plaintiff fails to state a claim and 42 USC §1985 does not provide subject matter jurisdiction.

Plaintiff seeks to redress his seventeen year-old grievance with his criminal conviction and subsequent imprisonment by invoking the subject matter jurisdiction of this Court via 42 USC §1985(b) [sic]. It must be noted that plaintiff Brown specifically cites to subsection "(b)" of §1985 that he contends is applicable to his case. Of course, there is no section (b), as §1985 is broken down into three numbered subsections; 1, 2, and 3. From the allegations in the complaint, it is apparent that pro se plaintiff Brown seeks to

rely on §1985(3). The other sections of §1985; (1). Preventing an officer from performing duties; and, (2). Obstructing Justice by intimidating a party, witness or juror, have no application to the facts of this case have no bearing on the allegations in the complaint.

Section 1985(3) of Title 42 of the United States Code provides in pertinent part that:

> If two or more persons in any State or Territory conspire … for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; … in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The United States Supreme Court has held that § 1985(3) applies only where there is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971). There is no allegation in the complaint that the actions of defendant Conn were the result of a class-based, invidiously discriminatory intent. Plaintiff has thus failed to state a claim upon which relief can be granted.

The United States Court of Appeals for the Sixth Circuit affirmed a district court dismissal of defendant's motion to dismiss upon similar facts in *Rose v. Leaver,* 35 Fed. Appx. 191, 2002 U.S. App. LEXIS 9621. Robert C. Rose, a pro se Ohio prisoner, appealed a district court judgment dismissing

his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, and 1985(3). *Id.* at 192. Seeking monetary relief, Rose sued Judge James R. Leaver, a state court domestic relations judge, his former attorney, and his former wife, contending that they conspired to violate his civil rights during his divorce proceedings. *Id.* at 192. Specifically, Rose alleged that he was never served with the divorce petition and that the defendants conspired to deprive him of his personal property. *Id.* Upon de novo review of a magistrate judge's report, the district court dismissed the complaint for failure to state a claim upon which relief may be granted. *Id.*

Rose asserted that he established a conspiracy claim among the defendants to deprive him of his property. *Id.* Under § 1985(3), Rose essentially contended that he was being subjected to discrimination as he was an incarcerated individual. *Id.* Because he was incarcerated, therefore, he argued that he established class-based discrimination. *Id.* at 193. The appellate court found, however, that prisoners are not a protected class for the purposes of §1985(3). *See Pryor v. Brennan*, 914 F.2d 921, 923 (7th Cir. 1990). The appellate court reasoned that because Rose failed to establish a racial or other class-based discriminatory animus, his §1985(3) claim was properly dismissed. *Id.* (See also, *Randolph v. Campbell,* 25 Fed. Appx. 261, 264, 2001 U.S. App. LEXIS 26494, *4-5. In order to establish a cause of action under §1985(3), a plaintiff must show that the named defendants were involved in misconduct that was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Quoting, *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000), (quoting *United Bhd. of*

*Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 829, 77 L. Ed. 2d 1049, 103 S. Ct. 3352 (1983)).

The case of *Kelsay* v. *Hamilton County Tenn.*, 2003 U.S. Dist. LEXIS 26994, *1, 2003 WL 23721334, is also instructive inasmuch as it provides detailed analysis of a §1985(3) claim. In *Kelsay,* Plaintiff William O. Kelsay, Jr. ("Kelsay") contended that while he was in pretrial detention in the Hamilton County Jail in Chattanooga, Tennessee, he was assaulted and beaten in his jail cell by corrections officers employed by the Hamilton County Sheriff's Department. *Id* at 1. Kelsay asserted federal civil rights claims under 42 U.S.C. §§1983 and 1985, in combination with a tort claim under Tennessee common law for assault and battery. He sought to recover compensatory and punitive damages. *Id*.

The defendants moved for summary judgment which was granted as it relates to the §1985 claims. *Id.* The court first noted that in regard to the claim brought under 42 U.S.C. §1985, Kelsay did not specify the particular subsection of §1985 that he contends is applicable to his case. *Id.* at 10. In this case, pro se plaintiff Brown cites to 1985(b)—of course, there is no section (b), as section 1985 is broken down into three numbered subsections; 1, 2, and 3. The Court inferred in *Kelsay*--as this Court should here--that Kelsay sought to rely on §1985(3). *Id.* The court reasoned that the §1985(3) claim must be dismissed as to all defendants because Kelsay did not allege that he has been subjected to class-based invidious discrimination. *Id*.

In *Kelsay*, the court held that to prevail under 42 U.S.C. §1985(3), Kelsay was required to plead and be able to prove four essential elements: (1) a conspiracy between at least two persons; (2) the purpose or object of the conspiracy was to deprive Kelsay of the

equal protection of the laws, or of equal privileges and immunities under the laws; (3) an overt act committed by at least one of the conspirators in furtherance of the conspiracy; and (4) the defendant's conduct caused Kelsay to suffer personal injury, property damage, or a deprivation of any right or privilege of a citizen of the United States. *Id.* at 11, citing *Griffin v. Breckenridge,* 403 U.S. 88, 102-103, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971); *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003); *Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir. 1996); *Maki v. Laakko,* 88 F.3d 361, 367 (6th Cir. 1996); *Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994); *Haverstick Enterprises v. Financial Federal Credit,* 32 F.3d 989, 993 (6th Cir. 1994).

The appellate court, however, did not dismiss the §1985(3) claim on the ground that Kelsay was unable to prove the existence of a conspiracy between the defendants. *Id.* at 12. Instead, the court found it must dismiss the §1985(3) claim for a different reason. *Id.*

The court reasoned that although §1985(3) applies to private conspiracies, it does not apply to all tortious interference with the rights of others. *Griffin,* 403 U.S. at 101. To make out a viable claim under §1985(3), Kelsay was required to prove there was some racial, or otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Id.* at 13, citing *Bray v. Alexandria Clinic,* 506 U.S. 263, 267-68, 113 S. Ct. 753, 122 L. Ed. 2d 34 (1993); *United States v. Brotherhood of Carpenters and Joiners v. Scott,* 463 U.S. 825, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983); *Griffin,* 403 U.S. at 101; *Vakilian,* 335 F.3d at 519; *Bartell v Lohiser,* 215 F.3d 550, 559-60 (6th Cir. 2000); *Collyer,* 98 F.3d at 233; *Maki,* 88 F.3d at 367; *Haverstick,* 32 F.3d at 994; *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992); *Rice v. Ohio Dep't of Transp.,* 887 F.2d 716, 722 (6th Cir. 1989); *Averitt v. Cloon,* 796 F.2d 195, 198 (6th Cir. 1986). Id. at 13. The court decided that Kelsay cannot prevail on a cause of action under 42 U.S.C. §1985(3) unless he can prove the conspiracy was motivated

by an intent to invidiously discriminate against Kelsay because he is a member of a protected class. *Id.* at 13; See also, *Studen v. Beebe,* 588 F.2d 560, 564 (6th Cir. 1978); *Ohio Inns, Inc. v. Nye,* 542 F.2d 673, 679 (6th Cir. 1976); *Cameron v. Brock,* 473 F.2d 608, 610 (6th Cir. 1973); *Miller v. City of Columbus,* 920 F. Supp. 807, 821-22 (S.D. Ohio).

The distinction between classes of persons protected pursuant to §1985(3) and those classes which are unprotected is rooted in traditional equal protection analysis under the Equal Protection Clause in the Fourteenth Amendment of the United States Constitution. *Kelsay* at 14. The classes of persons protected by §1985(3) are the discrete and insular minorities that receive heightened constitutional protection under the Fourteenth Amendment's Equal Protection Clause because of their inherently personal characteristics. *Id.* The class-based, invidiously discriminatory animus required by §1985(3) must be based on race, ethnic origin, sex, religion, or political loyalty. *Id.* at 14-15, citing *Haverstick,* 32 F.3d at 994; *Rice,* 887 F.2d at 722; *Averitt,* 796 F.2d at 198; *National Communication v. Michigan Public Service,* 789 F.2d 370, 374 (6th Cir. 1986); *Browder v. Tipton,* 630 F.2d 1149, 1149-50 (6th Cir. 1980); *Clonlara, Inc. v. Runkel,* 722 F. Supp. 1442, 1461 (E.D. Mich. 1989); *see also Bartell,* 215 F.3d at 560.

Kelsay did not contend that he was a member of any of these classes of persons entitled to protection under the Equal Protect Clause and §1985(3). *Id*. at 15. Kelsay did not allege that the defendants were motivated to conspire against him in violation of §1985(3) based on his race, ethnic origin, sex, religion, or political loyalty. *Id.* At most, Kelsay contends that the defendants conspired to assault him because (1) Kelsay had been arrested and was being detained in jail on a criminal charge of aggravated sexual exploitation of a minor; and (2) Kelsay had complained to jail authorities that he had received a threatening

note shoved under the door of his jail cell. *Id.*  This is insufficient to plead and prove a claim under § 1985(3).  *Id.*

The *Kelsay* court held that prisoners and persons in jail in pretrial detention are not a class of persons entitled to constitutional protection under the suspect classification analysis applicable to the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 15-16, citing *Myles v. Michigan Dep't of Corrections,* 198 F.3d 246 (table, 6th Cir. Dec. 11, 1992); *Brown v. Campbell,* 173 F.3d 854 (table, 6th Cir. March 17, 1999); *Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir. 1997); *Newell,* 981 F.2d at 886-87; *Stuck v. Aikens,* 760 F. Supp. 740, 744 (N.D. Ind. 1991); *Lowe v. Carter,* 554 F. Supp. 831, 837 (E.D. Mich. 1982); *Nakao v. Rushen,* 542 F. Supp. 856 (N.D. Cal. 1982).

Pro se plaintiff is a state prisoner serving four consecutive life sentences.  In his complaint, he fails to allege any racial--or otherwise class-based invidiously discriminatory animus--behind defendant Conn's actions.  The foregoing clearly demonstrates that state prisoners are not a protected class for the purposes of §1985(3).  Plaintiff Brown's pro se Complaint must be dismissed.

      **IV.**    **Motion to dismiss for failure to state a claim filed by Defendant Dena R. Calabrese.**

Defendant Calabrese filed her motion to dismiss on June 21, 2018 (Docket #8). Defendant Conn incorporates defendant Calabrese's arguments in sections II A (Statute of Limitations), B (*Iqbal/Twombly),* and C (*Rooker-Feldman* doctrine), of her motion to dismiss in their entirety and as if fully re-written herein.

      **V.**    **Conclusion.**

Pro se plaintiff Brown has failed to state a claim upon which relief can be granted. Pro se plaintiff fails to allege any racial--or otherwise class-based invidiously discriminatory

animus--behind defendant Conn's actions or inaction. State prisoners are not a protected class for the purposes of §1985(3). For all of the foregoing reasons, plaintiff Brown's pro se Complaint must be dismissed.

                                                  Respectfully submitted,

                                                  _____
                                                  Robert S. Yallech (0075494)
                                                  REMINGER CO., L.P.A.
                                                  11 Federal Plaza Central, Suite 1200
                                                  Youngstown, Ohio 44503
                                                  (330) 744-1311 / (330) 744-7500 (fax)
                                                  Email: ryallech@reminger.com
                                                  *Attorney for Defendant Paul C. Conn*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 22nd day of June 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  It will also be sent to plaintiff via regular US mail at:

Kevin N. Brown #A443-261 940  
Marion-Williamsport Rd. P.O. Box 57  
Marion, Ohio 43301-0057

 

Robert S. Yallech (0075494)  
*Attorney for Defendant Paul C. Conn*

## CERTIFICATION

This case is yet to be assigned to the any Track. Counsel certifies that pursuant to Local Rule 7.1, this Brief complies with the page limitations for the Standard track.

                                                                    Robert S. Yallech (0075494)
*Attorney for Defendant Paul C. Conn*