IN THE UNITED STATES DISTRICT COURT
FOR the Northern District of Ohio
EASTERN DIVISION

KEVIN N. BROWN,
Plaintiff.

CASE No. 4:18-cv-789

VS.

JUDGE: BENITA Y. PEARSON

**FILED**

**JUL - 5 2018**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

JAMES C. EVANS, et al.
DEFENDANTS.

OBJECTION TO MOTION TO DISMISS
OF DEFENDANT PAUL C. CONN

Now comes the Plaintiff, Kevin N. Brown IN PRO SE. And states pursuant to 28 U.S.C. 1746 that his, is not a state prisoner pursuant to 28 U.S.C. 1915 (h). And objects to the motion to dismiss as no concurrent jurisdiction exist in the federal court. And that no substantive federal (constitutional) substantive federal law was invoked. Making it a right, duty, or obligation to have the federal court to impose the remedial rule of Fed. R. Civ. P. Rule 12 (b)(6) in this action. As a matter of law this matter should continue untill Defendants submitt a sworn public document that complies with 28 U.S.C. 1738

Plaintiff is a citizen, not a state prisoner. And as a citizen he is a protected class, pursuant to the U.S. Constitution. 4th Amendment. Plaintiff asserts as a matter of law that he is entitled to relief. As no official documentation from Defendants have shown any official documents.

Plaintiff has stated and sworn to enough facts (his affidavit) to state a claim to relief. Legal conclusions "must be supported by factual allegations" Ashcroft v. Iqbal (2009), 556 U.S. 662, 679

Brown, as a pro se litigent, with no legal training, moves the court pursuant to Fed. R. Civ. P. 60 (a) to correct his error in stating that his complaint was brought under 42 U.S.C. 1985 (b)(c) to 42 U.S.C. 1985 (2)(3) the correct subsections.

Section 42 U.S.C. 1985 (2) Obstructing justice by intimidation a party applies as Brown was the party defendant in his pro forma criminal case.

(1)

Section 1985(3) Applies as Brown was injured by depriving him of the due process of law and preventing him from exercising his right to confront his accusers and access to the "state" courts and federal court, as the lacked substantive jurisdiction by law.

Brown falls into the "otherwise class-based indivious discrimination" GRIFFIN v. BRECKENRIDGE (1971), 403 U.S. 88, 102

The opinion and dismissal of ROSE v. LEAVER was because it was filed as a "prisoner" action. Brown did not file a prisoner petition. The same reasoning KELSAY id. Kelsay asserted Federal civil rights actions under 42 U.S.C. 1983 and 1985.

Following the Kelsay opinion (1) The conspiracy to deprive Brown of his civil rights as a citize by two or more persons not authorized by stat law, 2931.02 and 309.08, have been met as no substantive law is shown in his criminal case, (2) the purpos or object of the conspiracy was to deprive Brown of the equal protection or equal privileges under the law of the state and Federal Judicial system, (3) The overt act of two of the defendants was the Assumption of legal authority without documentation of a STATE CRIMINAL Action, (4) the defendants conduct personally caused Brown to suffer personal mental injury, property damage and the deprivation of ALL rights and privilages of a citizen of the United States.

Defendant DENA R. CALABRESE Motion to Dismiss.

Defendant Calabrese cited the statute of limitations as here defense. Not Judicial immutie or prosecutorial immunities, Because the statute of limitations begins to run upon the filing of a criminal complaint. No complaint is shown in the pro forma criminal record of State v. Brown.

(2)

## IN CONCLUSION

Pro se plaintiff's complaint does state a claim. And NO OFFICIAL documentation of the State of Ohio (28 U.S.C. 1738) or substantive law (4th Ammendant) (O.R.C. 2931.02) (O.R.C. 7.01) Process, has been shown by DEFENDANTS, the OFFICIAL holders of these documents. DEFENDANT Conn knowingly did not RECEIVE notice of a criminal charge AGAINST Brown. And willing ENTERER into the conspiracy by not objecting to or ARGUING this jurisdictional issue, Brown is a protected class as he is a U.S. Citizen, dispite dillatory pleading to the Contary. It is simple to PROVE or disprove BROWN's legal standing. Produce official documentation of State involument in BROWNS PRO FORMA criminal case. No defendant has or will show that.

Respectfully submitted

*Kevin N. Brown*

MR. KEVIN N. BROWN, PRO SE
#AH43-261
M.C.I.
P.O. BOX 57
MARION, Ohio 43301-0057

### CERTIFICATE OF SERVICE

I, KEVIN N. BROWN, do hereby certify that A copy of the attached OBJECTION to Motion to Dismiss of Paul C. Conn, was sent to his Attorney Robert S. Yallech at REMINGER Co. LPA, at 11 FEDERAL PLAZA CENTRAL, Suite 1200, Youngs town, Ohio 44503, Mailed this the 2ND day of July 2018, via INSTITUTIONAL MAIL system, First-class, U.S. MAIL, POSTAGE PREPAID.

*Kevin N. Brown*

(3)