IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

KEVIN N. BROWN,
PLAINTIFF,

VS

JAMES C. EVANS, et al.,
DEFENDANTS

CASE NO. 4:18-CV-00789

JUDGE BENETA Y. PEARSON

FILED
JUL -5 2018
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

OBJECTION to DEENA CALABRESE's
MOTION to DISMISS

Plaintiff OBJECTS to DEENA CALABRESE, MOTION to DISMISS PURSUANT to Fed. R. Civ. P. Rule 12(b)(6).

As (1) there is no statute of limitation for filing a 1985 action as Plaintiff did. (SEE: Complaint, Page 2, Section II)

(2) Plaintiff's claim is personal as Defendants acted without substantive law.

(3) Plaintiff claims are not barred under Rooker-Feldman Doctrine.

(4) Calabrese is not entitled to prosecutorial immunity.

1. Statute of Limitation

The statute of limitation has yet to begin to run as counsel could not state the exact date when the criminal act occurred nor when the criminal agency was invoked. (corpus delicti) the Act and criminal agency

2. Iqbal/Twombly

Plaintiff's complaint set for specific facts against Defendant Calabrese, as all her action in violation of Title 1, 309.08 for a prosecuting attorney were not met, (A) Obstructing Justice. Calabrese injured Plaintiff by prosecuting a unlawful indictment and imped justice by depriving him of the due process of law in a state criminal case.

(1)

(B) Depriving person of rights or privileges. Calabrese and other named defendants appeared in the Mahoning County Court of Common Pleas for the purpose of depriving plaintiff his protected rights under the 4th Amendment. Further one or more persons privy there engaged therein to do or cause to be done injury to his person and the exercise of any right (4th and 14th Amendment) as plaintiff has no right to Ohio courts without a jurisdictional document. Nor federal court for the to exercise concurrent jurisdiction. (see 2254, habeas corpus or 42 U.S.C. 1983)

A reviewing court is bound by the law and any legal conclusion must be by law, not procedure. This court should consider allegations, supported by facts in the record.

The plaintiff does not offer any proof as none exists. This matter should be resolved by the showing of a valid criminal complaint against plaintiff. None exists in the public record denoting verity of Calabrese's defense.

3. Rooker-Feldman Doctrine

The Mahoning County Court of Common Pleas is a county court, not a state court. This is the basis of the Rooker-Feldman Doctrine. The injury that plaintiff suffers with is by private citizens fraudulently posing as state agents without state authorization. (substantive law i.e. ORC 2931.02, 309.08) Plaintiff is not attacking his "state" court conviction because there is no state court conviction without jurisdiction. (see 2931.02 and 309.08 above) If it is shown that these statutes were complied with the Rooker-Feldman Doctrine applies. If not two lawful remedies exists for plaintiff.

4. Prosecutorial Immunity

Plaintiff's complaint alleges the Defendant Calabrese a private citizen not officially representing the state of Ohio. O.R.C. 309.08 that she knowingly without a state sealed complaint aided in the conspiracy with other defendants in his recieving consecutive life sentences and his adjudication as a sexual predator, as a private citizen acting as a pro forma prosecutor.

Lookin to the nature of the function performed. The powers and duties of a county prosecutor are set forth in O.R.C. 309.08. A criminal charge is by complaint filed in a court of record.

Applying this functional approach the prosecutor in the pro forma legal nullity of State v. Brown 2001-CR-00705. And there is nothing in the record that refutes my assertion. The prosecutor (Calabrese) was not functioning as advocate for the state as no criminal complaint (the official State of Ohio charging document) and engaged in private activies pro formally accociated with the Judicial phase of a criminal process. Without the corpus delicti of any offense. Using the argument above, it is clear that Defendant Calabrese is not entitled to prosecutorial immunity. with ohio law granting it.

Respectfully submitted,
Kevin N. Brown
Mr. Kevin N. Brown, Pro Se
#443-261
P.O. Box 57
Marion, Ohio
43301-0057

(3)

## CERTIFICATION OF SERVICE

I, Kevin N. Brown, do hereby certify that a copy of the attached OBJECTION to Deena Calabrese Motion to Dismiss was sent to Mr. Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, Ohio at The Justice Center, Court Towers, 1200 Ontario Street, 8th Floor, Cleveland, Ohio 44113. Mailed this the 2nd day of July 2018 via Institutional mail system, U.S. Mail, First-class, Postage Prepaid.

*Kevin N. Brown*

(4)