PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN N. BROWN, | ) |
|       Plaintiff, | ) CASE NO. 4:18CV0789 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| JAMES C. EVANS, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
|       Defendants. | ) [Resolving ECF Nos. 4, 8, and 9] |

### I. Background

*Pro Se* Plaintiff Kevin N. Brown, a state prisoner, filed a civil rights complaint in this action against James C. Evans, Deena R. Calabrese, and Paul C. Conn. ECF No. 1. The Complaint (ECF No. 1) pertains to a 2001 criminal prosecution brought against him in Mahoning County, Ohio Court of Common Pleas Case No. 2001 CR 00705. He was convicted by a jury of four counts of rape, adjudicated a sexual predator, and sentenced to four life sentences. James C. Evans, now deceased, was the judge; Deena R. Calabrese was the prosecutor; and, Paul C. Conn served as a defense lawyer.

In his Complaint (ECF No. 1), Plaintiff characterizes his action as brought under 42 U.S.C. § 1985, which prohibits conspiracies to violate certain federal civil rights. He alleges the "three defendants . . . conspired together to imprison [him] for life for crimes not committed or charged by law" and "knowingly aided in [his] sentence" in violation of his rights under the

(4:18CV0789)

Fourth and Fourteenth Amendments "and every other federal or state right, duty, or obligation." ECF No. 1 at PageID #: 3. As relief, he seeks two million dollars in damages from each defendant and for the Court "to restore all his rights as a citizen of the United States." ECF No. 1 at PageID #: at 4. On May 29, 2018, he filed a Motion for the Correction of a Clerical Error Pursuant to Fed. R. Civ. P. 60(a) (ECF No. 4) stating that he seeks to assert conspiracy claims under 42 U.S.C. § 1985(2) and (3) and not § 1985(b).[1] That motion is granted.

    Defendants Calabrese and Conn have both filed motions to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 8 and 9. Defendant Calabrese asserts that any claim asserted by Plaintiff under § 1985 is barred by the statute of limitations; his conclusory allegations are insufficient to state any plausible claim against her; she is entitled to absolute prosecutorial immunity; and the *Rooker-Feldman* doctrine prohibits the plaintiff from appealing his state conviction in federal court. ECF No. 8. Defendant Conn adopts all of Defendant Calabrese's arguments and further asserts that Plaintiff has failed to allege a plausible conspiracy claim under § 1985(3) because he has not alleged facts sufficient to demonstrate a conspiracy based on race or other invidious class-based discrimination. ECF No. 9 at PageID #: 37-39. Plaintiff has filed responses to Defendants' motions (ECF Nos. 10 and 11) disputing that his complaint is subject to dismissal.

---

    [1] Section § 1985(2) prohibits conspiracies to obstruct justice by intimidating or injuring a party, witness, or juror; § 1983(3) prohibits conspiracies to deprive persons of equal protection of law.

(4:18CV0789)

For the reasons stated below, Defendants' motions to dismiss are granted and the Complaint (ECF No. 1) is dismissed.

**I. Standard of Review**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001). To survive dismissal, a *pro se* pleading must satisfy the plausibility standards of *Twombly* and *Iqbal*. *See Holland v. County of Macomb*, No. 16-2103, 2017 WL 3391653, at *1 (6th Cir. March 17, 2017) (citing *Gunther v. Castineta*, 561 Fed.Appx. 497, 499 (6th Cir. 2014)).

3

### III.  Analysis

Even liberally construed, the Complaint (ECF No. 1) fails to allege any plausible claim on which relief may be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  First, claims of conspiracy must be pled with specificity, and Defendants correctly contend that Plaintiff's purely conclusory allegations that the defendants "conspired together" to violate his civil rights in connection with his state criminal case are insufficient to meet the plausibility standards of *Twombly* and *Iqbal* with respect to any claim he purports to allege under § 1985. *See, e.g.*, *Clay v. Crockett*, No. 5:14CV1228, 2014 WL 6617717, at *5 (N.D. Ohio Nov. 21, 2014) (dismissing federal conspiracy claims brought under 42 U.S.C. §§ 1985 and 1986 for lack of specificity).

Furthermore, any civil rights conspiracy claim Plaintiff purports to allege is barred by the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  *Heck* held that a plaintiff has no cognizable damages claim for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  *Heck* has been extended to claims under § 1985, *see Lanier v. Bryant*, 332 F.3d 999,

(4:18CV0789)

1005-1006 (6th Cir. 2003), and applies whether a plaintiff seeks injunctive or monetary relief, *see Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998).

Plaintiff's "conspiracy" claims necessarily imply the invalidity of his Mahoning County rape conviction and sentence, but nothing in the Complaint (ECF No. 1) suggests that his conviction or sentence have been overturned, expunged, or called into question in any of the ways articulated in *Heck*. Accordingly, his civil rights claims are barred by *Heck* and must be dismissed. *See Adams v. Morris*, 90 Fed.Appx. 856, 858 (6th Cir. 2004) ("Because Adams's confinement has not been remedied by any of the procedures listed in *Heck*, the district court properly found that his claims are not cognizable. . . .").

To the extent Plaintiff seeks to have his criminal conviction vacated or set aside, his claims are barred by *Preiser*, which held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500. Plaintiff cannot challenge the fact or duration of his confinement through a civil rights action under § 1985.

In addition, even if Plaintiff's claims were not barred for the reasons stated above, the Court agrees with Defendants that the claims are barred by the statute of limitations. Ohio's four-year statute of limitations, Ohio Rev. Code § 2305.09, has been held to apply to claims under § 1985. *See Hadsell v. Ford Motor Co.*, 566 F.Supp. 1254, 1255 (S.D. Ohio 1983) (holding that a plaintiff's action alleging a conspiracy in violation of § 1985 was time-barred

5

(4:18CV0789)

when it was not brought within Ohio's four-year statute of limitations).  Plaintiff filed this case on March 28, 2018,[2] well beyond the time Ohio's four-year statute of limitations expired on any conspiracy claim he might have had in connection with his rape conviction and sentence.

### IV.  Conclusion

For the reasons stated above,

Plaintiff's Motion for the Correction of a Clerical Error Pursuant to Fed. R. Civ. P. 60(a) (ECF No. 4) is granted;

Defendant Deena Calabrese's Motion to Dismiss (ECF No. 8) is granted; and,

Defendant Paul C. Conn's Motion to Dismiss (ECF No. 9) is granted.

Judgment will be entered in favor of Defendants.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


|  August 31, 2018  |   /s/ Benita Y. Pearson   |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[2]  In accordance with the prison mailbox rule, the Court will treat the Complaint (ECF No. 1) as if filed on March 28, 2018, the date it was signed and dated.  *See* ECF No. 1 at PageID #: 4.  The Sixth Circuit has applied the prison mailbox rule in the context of *pro se* prisoner cases.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988))) (Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").